■ George M. Lane et al., Appellants, v. City of Mount Vernon, Respondent.— In an action for a judgment to declare an ordinance which confirmed a special assessment upon real property owned by plaintiffs void, illegal, unconstitutional and ineffectual, plaintiffs appeal from (1) an order of the Supreme Court, Westchester County, dated February 14, 1974, which denied their motion for summary judgment, granted defendant's cross motion for leave to amend its answer and granted judgment to defendant, and (2) a judgment of the same court, dated March 20, 1974, which made the order the judgment of the court and awarded costs to defendant. Order modified by deleting the second ordering paragraph thereof and substituting therefor a provision denying defendant's cross motion; and order further modified and judgment modified, on the law, by adding to each of them a provision declaring that the ordinance in question is constitutional and valid. As so modified, order and judgment affirmed, without costs. Since the debris removed from the subject property was not caused as the result of the taking down or removal of a " wall, building or other structure, or part thereof " (Mount Vernon City Charter, § 113-a, subd. 2 [L. 1922, ch. 490, as amd. by Local Laws, 1964, No. 4 of City of Mount Vernon]), the assessment levied upon the property cannot be justified as an assessment for a public improvement pursuant to the cited charter section. We find, however, that the assessment was validly imposed pursuant to the provisions of subdivision (c) of section 21.01 and subdivisions (d) and (h) of section 21.04 of the Building Code of the City of Mount Vernon (see N. Y. Const., art. IX, § 2, subd. [c], cl. [ii]; Municipal Home Rule Law, § 10, subd. 1, par. [ii], cl. a, subcl. [8]). The then owner of the property was served with notice of the violation in question and with written notice of the public hearing to be held on the question of

confirmation of the assessment notice. Plaintiffs, who purchased the property on the day before the public hearing, knew or should have known of the proposed assessment by reason of the publication of the notice of the hearing and by reason of the public record of the violation, which contained a reference to the possible imposition of a penalty. Defendant's motion for leave to amend its answer to assert the defense of the Statute of Limitations should have been denied. Section 232 of the Mount Vernon City Charter, which contains a 20-day Statute of Limitations, has reference to actions or proceedings which question the legality or validity of any assessment or tax for a "local improvement". It does not appear that the assessment in question was for a "local improvement". Since this action is one for a declaratory judgment, it is necessary to make an appropriate declaration as hereinabove set forth (*Lanza* v. *Wagner*, 11 N Y 2d 317, 334). Hopkins, Acting P. J., Latham, Shapiro, Cohalan and Brennan, JJ., concur.